# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KENNETH S. SPENCER, JR.,** *et al.*, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil No. 12-42 (RCL)** |
| **ISALAMIC REPUBLIC OF IRAN,** | ) ) | |
| **Defendant.** | ) ) ) | |

## MEMORANDUM OPINION

This action arises out of the 1983 bombing of a U.S. Marine Barracks in Beirut, Lebanon. It was brought by members of the United States Marine Corps and Navy injured in that blast as well as several surviving family members of deceased servicemen against the Islamic Republic of Iran under the state-sponsor of terrorism exception in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. The Clerk has entered default, ECF No. 26, and plaintiffs now move this Court for an entry of default judgment as to liability, ECF No. 27, and for an order appointing a special master to calculate damages, ECF No. 22. The Court will deny both motions.

Under the FSIA, a court cannot simply enter default judgment; rather, it must ensure that the plaintiffs have "establishe[d] [their] claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Accordingly, courts must scrutinize the plaintiffs' allegations, and may not simply accept a complaint's unsupported allegations as true. *See Wyatt v. Syrian Arab Republic,* 08-cv-502, 2012 WL 6561469 at *1 (D.D.C. Dec. 17, 2012); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010). Courts may rely upon testimony,

documentation and affidavits. *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 53 (D.D.C. 2006). Courts may also take judicial notice of evidence presented in other related cases, including those where defendants failed to enter an appearance. *See Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 59 (D.D.C. 2010) (concluding that in such cases "the Court may review evidence considered in an opinion that is judicially noticed, without necessitating the re-presentment of such evidence").

Plaintiffs urge the Court to take judicial notice of the evidence presented in *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46 (D.D.C. 2003). *See* Pls.' Mot. for Default J. 1-2; Pls.' Mem. 2. In *Peterson*, the Court entered a default judgment on behalf of a group of plaintiffs against defendants Iran and the Iranian Ministry of Information and Security, finding they were liable for injuries and deaths resulting from the same 1983 bombing at issue in this case. *Peterson*, 264 F. Supp. 2d at 61. The Court reviewed evidence submitted by plaintiffs, and found sufficient basis for concluding that defendants were complicit in the attack carried out by Hezbollah. *Id.* at 50-59.

The *Peterson* evidence appears to be insufficient for a finding of liability in this action because it fails to establish that the present plaintiffs meet several statutory requirements. *See, e.g.*, 28 U.S.C. 1605A(c). There is no evidence in the record that plaintiffs were present at the site and suffered "personal injury or death *caused by*" this blast. *See id.*; *see also* § 1605A(a)(1) (abrogating foreign sovereign immunity for claims based on "personal injury or death that was *caused by* an act of . . . extrajudicial killing . . ." (emphasis added)). Nor have plaintiffs provided any evidence that they meet the status requirements of § 1605A (c)(1)-(4). Upon the present record, the Court is not able to find defendant liable and will deny plaintiffs' motion for default judgment without prejudice.

In *Fain v. Islamic Republic of Iran*, a case arising out of the same attack, the Court found defendants liable after taking judicial notice of the *Peterson* case and considering affidavit testimony of the plaintiff establishing his presence at the site of the bombing and various resulting injuries caused by the defendants' actions. 856 F. Supp. 2d 109, 118-19 (D.D.C. 2012). Unlike *Fain*, the plaintiffs here have attempted to rely *entirely* upon the *Peterson* case. This is inadequate here.

Because the Court cannot find defendant liable, an order appointing a special master would be inappropriate. The Court will deny this motion without prejudice as well.

Nothing in this opinion or the accompanying order shall be taken to prohibit plaintiffs from subsequently moving this Court for entry of default judgment and appointment of a special master.

An Order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on February 13, 2013.